# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GARRETT BUTTON, on behalf of himself and others similarly situated, | CIVIL ACTION FILE NO. |
| Plaintiff, | |
| v. | |
| LEAFFILTER NORTH, LLC | **COMPLAINT – CLASS ACTION** |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff Garrett Button ("Plaintiff") (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This case involves a campaign by Leaffilter North, LLC ("Leaf Home") to market its services through the use of pre-recorded telemarketing calls in violation of the TCPA.

3. Mr. Button also alleges that Leaf Home made multiple telemarketing calls to consumers like him that have placed themselves on the National Do Not Call Registry, and that by doing so, the Defendant has violated the TCPA on a second ground.

4. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff Garrett Button is a resident of North Carolina and this District.

7. Defendant Leaffilter North, LLC is a limited liability company.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

9. This Court has jurisdiction over Leaf Home because it specifically made telemarketing calls to be sent into North Carolina.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the calls were made to and received in this District.

## BACKGROUND

Calls Made Using a Pre-Recorded Message

11. The TCPA regulates, among other things, the use of a pre-recorded message to make calls or send pre-recorded calls. *See* 47 U.S.C. § 227, *et seq.*; *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

12. Specifically, the TCPA prohibits the use of a pre-recorded message to a wireless number in the absence of an emergency or the prior express written consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

13. "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

14. "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

The National Do Not Call Registry

15. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

16. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

17. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

18. Defendant Leaf Home is a "person" as the term is defined by 47 U.S.C. § 153(39).

19. At no point has the Plaintiff sought out or solicited information regarding Defendant's services prior to receiving the pre-recorded calls at issue. And he has never consented to Defendant's calls.

Call to Plaintiff

20. Mr. Button's cellular telephone number is (919) 616-XXXX.

21. That cellular telephone number is a residential telephone line used by Mr. Button for personal calls.

22. That telephone number has been on the National Do Not Call Registry since April of 2008.

23. Despite that, Mr. Button received a pre-recorded telemarketing call from the Defendant at least on September 22, 23, 24, 26, 27, 28, 2023.

24. Every call played a pre-recorded message.

25. The pre-recorded message identified the Defendant's company, Leaffilter Gutter Protection

26. The pre-recorded message inquired about estimates on gutter protection systems.

27. The call was clearly pre-recorded because (a) there was a significant pause before the robot started speaking (b) the robot had a generic monotone voice (c) there was a generic robot message not personalized for the recipient.

28. Mr. Button could not get the calls to stop, so he posted a Google review regarding the company and the calls:

> I have never called them, I have never solicited them, I have never shown any interest in their product - but they have decided I want gutter protection and they are determined to sell it to me. Every day, twice a day, for the last three weeks this company has robocalled me to set up an appointment. Every day they call from a new number so that I can't block them. They change their number because they know this is annoying, they know people will block them, they know it's not the right thing to do, but they don't care. I can easily imagine how that lack of care for their clients and potential clients translates to the quality of work they do. Find a local installer instead.

29. The company responded, and did not deny contacting the Plaintiff:

Hey Garrett!- To adjust your communication preferences, please email us at reply@leafhome.com with your name and phone number, along with "Please Add to DNC List" in the subject line so that we may help you directly.

30. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed.

Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## **CLASS ACTION ALLEGATIONS**

31. Plaintiff brings this action on behalf of himself and the following Class (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

32. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **Robocall Class:** All persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Defendant (or an agent acting on behalf of Defendant) placed a telemarketing call (3) within the four years prior to the filing of the Complaint (4) using an identical or substantially similar pre-recorded message used to place telephone calls to Plaintiff (5) from four years prior to the filing of the Complaint through trial.
>
> **National Do Not Call Registry Class**: All persons within the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior to the filing of the Complaint through trial.

33. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the classes as he has no interests that conflict with any of the class members.

34. Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

35. Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time,

the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

36. This Class Action Complaint seeks injunctive relief and money damages.

37. The Classes are defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

38. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes members number, at minimum, in the hundreds in each class.

39. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

40. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

41. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

42. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

   (a) Whether the Defendant used pre-recorded message to send telemarketing calls;

   (b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

   (c) whether the Defendant accessed and removed numbers from its calling list that were on the National Do Not Call registry;

   (d) whether Defendant's conduct constitutes a violation of the TCPA; and

(e) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

43. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes.

44. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

45. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION

### Violation of the Telephone Consumer Protection Act
### 47 U.S.C. 227(b) on behalf of the Robocall Class

46. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

47. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class delivering pre-recorded messages.

48. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and

members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

49. If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

50. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from sending an artificial or prerecorded voice, except for emergency purposes, to any cellular telephone number in the future.

## SECOND CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act
47 U.S.C. 227(c) on behalf of the National Do Not Call Registry Class**

51. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

52. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

53. The Defendant's violations were negligent, willful, or knowing.

54. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and

members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

55. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from sending an artificial or prerecorded voice, except for emergency purposes, to any cellular telephone number in the future;

B. Injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future;

C. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

D. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

E.  Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.


Dated: February 21, 2024

        PLAINTIFF, individually and
        on behalf of others similarly situated,

        By:

            */s/ Ryan Duffy*
            Ryan Duffy
            The Law Office of Ryan P. Duffy, PLLC
            1213 W. Morehead Street
            Suit 500, Unit #450
            Charlotte, North Carolina 28208
            ryan@ryanpduffy.com
            Telephone: (704) 741-9399

            Anthony I. Paronich
            Paronich Law, P.C.
            350 Lincoln Street, Suite 2400
            Hingham, MA 02043
            (617) 485-0018
            anthony@paronichlaw.com
            *Subject to Notice of Special Appearance*